Spear, C. J.
The controversy which forms the ground for contention here originated in the probate court of Hamilton by the filing of exceptions by Goyert & Vogel, creditors of the estate of ' Bridget Glenn, deceased, to the inventory of the personal property of said estate filed in that court by Frank Eicher, administrator. A preliminary point in the case turns upon the proper solution of the question whether or not a certain agreed statement of facts, signed by counsel and filed in that court, should be treated as a part of the record. If this be held in the affirmative, then, as to that question, the judgment of the circuit court reversing the judgment of the common pleas and. of the probate court should, as to that branch of the case, be affirmed; if in the negative, then the circuit court’s judgment should be reversed, and the judgments of the common pleas and probate court affirmed.
*31 The journal entry in the probate court with respect to the agreed statement was this and this only: “This cause came on to be heard on the exceptions of Goyert & Vogel, creditors of, the estate of Bridget Glenn, deceased, to the inventory of the personal property of said estate heretofore filed herein by Frank Eieher, administrator, and on submission of the agreed statement of facts, with the exhibits thereto attached, and the court doth find,” etc., etc.
Three cases are cited by the circuit court in this opinion, which, it is insisted by counsel for defendant in error, establish the proposition that the agreed statement is to be regarded as a part of the record under review, and, the facts being thus established, the rule of law applied by the circuit court is correct. It is proper to here briefly consider these cases. In Ish v. Crane, 13 Ohio St., 574, it is said by Sutliff, J., in the opinion, that: “It is insisted by counsél of defendants that, by virtue of this paper, dated August 27, 1860, now in this court, placed among the papers, the agreed statement of facts upon which the case was submitted in the district court, and reserved to this court, is annulled; and that the case is to be regarded by this court' as if the agreed statement of facts were withdrawn from the files, and that the case is to be decided barely upon the- pleadings. The counsel of plaintiff, on the other hand, has argued the case, and seems to rely fully upon the agreed statement of facts. How then is this agreed statement of facts to be regarded; as revoked, or still in operation upon the parties ? It has long been the practice in this state, as well as in the courts of other states, for counsel to mutually agree upon a state of facts, and to reduce the agreement to writing, and file it in the case, *32 instead of being to the trouble and expense of taking proof by depositions, or otherwise, to show the facts. And when such agreement is reduced to writing and signed by the parties, or their counsel, and filed in the case, I think the general understanding, both of the bar and court, has been that the same was to be regarded, until set aside by the court, as a special verdict of a jury, expressing the result of the proof made by both parties, and so belonging to both parties, that neither party could withdraw the same.” This is the opinion of a learned judge ■and is entitled to great weight; but it is after all a .general statement and is to be restrained to the facts of the case. And it is to be specially noted “that the question on which this branch of the case turned, was whether or not a paper signed by counsel for defendant and served by copy on counsel for plaintiff, found with the papers filed in and belonging to the case, though neither filed in the case nor proven, which purports to be a revocation of the agreed statement, could be treated as annulling that .statement. The court held that it could not, the syllabus being: “Where a case has been submitted upon an agreed statement of facts, reduced to writing and signed by the counsel of the respective parties, such agreement cannot be withdrawn or the agreement retracted by either party, except by leave of court on cause shown.” Thus it will be seen that the question which we have was not, so far as appears, matter of contention in the case cited. Nor is it distinctly shown by the opinion whether the statement, originally filed in the common pleas, had been incorporated into the record or not. It does appear, however, that the cause, being pending in the district court on error to the com *33 mon pleas, was reserved for hearing in this conrt, and that it was heard in the district conrt on the agreed statement of facts. It is, we think, reasonable to assume that objection to the statement was not made in either court, and that the only point with respect thereto made in this court related to the effect of the attempted retraction by a paper dated after the cause reached this court. Another case cited is that of Brown v. Mott, 22 Ohio St., 149. That was a case brought under section 495 of the code (now section 5207, Revised Statutes), providing for the- bringing of an action by the filing of an agreed statement and submission, without process or pleading. The third case cited is McGonnigle v. Arthur, 27 Ohio St., 251. The record in this case shows that all the testimony offered before the trial court was in an agreed statement of facts, in writing carried into the record and found by the trial court to be all the testimony offered by the parties. It seems entirely clear that neither of these cases rule the case at bar.
Some confusion has arisen in practice with respect to the office of an agreed statement of facts, and how such statement is.to be evidenced in order to authorize a review of the judgment. The rule in this state ought by this time not to be the subject of doubt. We understand it to be that in order to enable a party, in a case tried upon testimony, or upon an agreed statement of facts, to avail himself of a review on error, the facts, all of them, should be found by the court and incorporated in the record, or brought into the record by a bill of exceptions. Section 5300, Revised Statutes, provides that when the decision objected to is entered on the record, and the grounds of objection appear *34 in the entry, the exceptions may be taken by the party causing it to be noted at the end of the entry that he excepts. But (section 5301) when the decision is not entered on the record, or the grounds of the objection do not sufficiently appear in the entry * * * the party excepting must reduce his exceptions to writing, etc'. In other words, in the latter case he must present a bill of exceptions.. There is no provision of statute constituting a paper called an agreed statement of facts a part of the record, nor can such paper be regarded as part of' the record for review on error simply because the same is filed in the case. The filing does not bring it into the record any more than the filing of a deposition or of the court’s charge to the jury makes, either a part of the record. It is only for errors, appearing on the record that a judgment may be reversed. In the present case the grounds of ■ objection do not appear in the entry, for there is no incorporation in the entry of any facts on which the decision is based. The decision is not, therefore, entered on the record within the meaning of the-sections cited, nor do the grounds of the objection sufficiently appear in the entry.
It has long been settled law in Ohio (and remained the law until the act of October, 1902), that a paper purporting to be a bill of exceptions cannot be regarded by a reviewing court as part of the record unless it is made so by an entry on the journal showing its allowance and identifying it with reasonable certainty. Hill v. Bassett, 27 Ohio St., 597. Nor will a reviewing court, on error, regard any matter which is not proper matter of record. Goldsmith v. State, 30 Ohio St., 208. Nor can an exception to a charge of a court be considered where the *35 charge and exception appear only as part of the journal entry. Lockhart v. Brown, 31 Ohio St., 431. The reason of these rules applies as well, we think, to an agreed statement of facts as to the other papers referred to.
Since, therefore, the agreed statement, although signed by the counsel and filed in the probate court, was not a part of the record presented to the common pleas, that court had only before it for consideration in the error case the petition in error, the original papers (that is the inventory and exceptions thereto), and the transcript of the docket and journal entries of the probate court, and since the common pleas had power to reverse only for errors apparent on the record, it could do no other than affirm the judgment of the probate court.
Other questions are argued, but it is unnecessary to consider them.
We are of opinion that there is no error in the judgment of the common pleas affirming that of the probate court, and that both judgments should he affirmed. This results in a reversal of the judgment of the circuit court.

Reversed.

Shauck, Price, Crew and Summers, JJ., concur.